MAX SCHEMAN, Plaintiff, v. ALEXANDER SCHLEIN et al., Defendants.

Supreme Court, Special Term, New York County, June 27, 1962.

*Lewis, Herrick & Whitebook* (*Maurice R. Whitebook* and *Herbert Kramer* of counsel), for defendants. *Bertram D. Fisher* and *Elliot Ira Miller* for plaintiff.

JACOB MARKOWITZ, J. Defendants move for summary judgment dismissing each of the three causes of action pleaded by plaintiff. Plaintiff has submitted no affidavit in opposition to this motion. The first cause of action is predicated in libel, based upon a letter dictated by defendant's attorney to his secretary, while acting at defendants' behest, in the course of their attorney-client relationship. The defendants' answer, by separate motion, has been deemed amended to assert the defense of the Statute of Limitations. It is uncontroverted that the publication of the alleged libel which is the basis of the first cause of action occurred, if at all, on September 24, 1959. The action was commenced no earlier than October 19, 1960, more than one year thereafter. The first cause of action is therefore in time barred (Civ. Prac. Act, § 51, subd. 3) and therefore must be dismissed.

The second cause of action appears to be one for a prima facie tort. No special damages are alleged to have been sustained by plaintiff by reason of the acts concerned, and plaintiff asserts no facts or arguments, on this motion, in support of this cause. Based upon the complaint, the pretrial deposition of plaintiff submitted on this motion, and the affidavit in support of this motion, the second cause of action is found to be without merit, and therefore must be dismissed.

The third cause of action is based upon another letter, dated September 29, 1960, prepared and mailed in a manner identical with the first letter. This cause of action sounds in libel. It is based upon a letter addressed to plaintiff by defendants' attorney with defendants' authorization. Plaintiff claims that the dictation of the letter to the attorney's stenographer, who transcribed it, was a publication of the letter, under the rule of *Ostrowe* v. *Lee* (256 N. Y. 36). Defendants contend that this principle is inapplicable where an *attorney* dictates a letter to his stenographer, because section 353 of the Civil Practice Act cloaks communications to an attorney's stenographer with the same privilege which applies to communications between an attorney and his client. No authority for defendants' attempted distinction is submitted. It is, however, unnecessary to consider whether defendants' claim that there was no publication possesses merit, for the third cause of action, as will now be shown, must be dismissed even if the dictation of the letter to the attorney's stenographer was a publication.

The alleged publication of the letter by defendants was, in any event, qualifiedly privileged (*Boxsius* v. *Goblet Freres,* [1894] 1 Q. B. 842). " When defendant's statements are presumptively privileged the rule is that, in order to render them actionable, it is ' incumbent on plaintiff to prove that [they were] false and that the defendant was actuated by express malice or actual ill will. While there are numerous cases in the books in which it is said that as to privileged communications the good faith of the defendant and the existence of actual malice are questions of fact for the jury, the expression must not be misunderstood. Those questions are for the jury only where there is evidence in the case warranting their submission to the jury, and the burden of proof is on the plaintiff ' " (*Shapiro* v. *Health Ins. Plan,* 7 N Y 2d 56, 61). In the cited case, the Court of Appeals held that defendant was entitled to summary judgment dismissing the complaint because (p. 64) " It was for plaintiff to show that he had facts available to prove such malice " and " He produced none ". The ordinary presumption of malice, which arises from

the publication of false defamatory matter, does not exist where the publication is a privileged one (Seelman, N. Y. Law of Libel and Slander, § 536). The letter dealing with the third cause of action is not libelous per se. The reputation of the plaintiff as a landlord or a real estate owner is not affected by it. The general reputation of the plaintiff is also not affected. The letter concerns only the continuing dispute between the parties as landlord and tenant.

Plaintiff has made no effort to show that the defendants were actuated by actual malice or ill will when they authorized the writing of the letter to plaintiff. Malice or ill will on defendants' part, has not been pleaded or established. Allegations of special damages are necessary to sustain this cause, and none are alleged. For these reasons, the third cause of action must be dismissed. It may not be amiss, in this connection, to comment upon the improbability that defendants, who are not lawyers, were aware that dictation of the letter by their attorney to his stenographer might be a publication thereof, or that they realized or intended that anyone other than their own attorney, who composed the letter, and the plaintiff himself, the addressee, would read it. It is most unlikely that the thought that the stenographer might read the letter ever entered the minds of defendants, and the existence of an intention on the part of defendants that she do so is equally improbable.

Defendants' motion for summary judgment dismissing the complaint is granted.